NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No.242101)
VERONICA DRAGALIN (Cal. Bar No. 281370)
Assistant United States Attorney
Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2091
    Facsimile: (213) 894-2927
    Email:    mack.jenkins@usdoj.gov
              veronica.dragalin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-154-JFW |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JUSTIN JANGWOO KIM, | |
| Defendant. | **CURRENT TRIAL DATE:** May 26, 2020<br>**PROPOSED TRIAL DATE:** September 15, 2020<br>**PROPOSED CHANGE OF PLEA DATE:** June 3, 2020 at 8:00 a.m. |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins and Veronica Dragalin, and defendant JUSTIN JANGWOO KIM ("defendant"), both individually and by and through his counsel of record, David Vaughn, hereby stipulate as follows:

1. The Information in this case was filed on March 19, 2020. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on March 31, 2020. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before June 9, 2020.

2. On March 31, 2020, the Court set a trial date of May 26, 2020 at 8:30 a.m.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately 4 days.

4. By this stipulation, defendant moves to continue the trial date to September 15, 2020 and set a change of plea hearing for June 3, 2020 at 8:00 a.m. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendant is charged with a violation of 18 U.S.C. § 666: Federal Program Bribery.

   b. Counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

   c. On March 13, 2020, the Court entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020. C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (March 13, 2020). The same day, the Court entered another General Order imposing health- and travel-related limitations on access to Court facilities. C.D. Cal. General Order No. 20-03, In Re:

Coronavirus Public Emergency, Order Concerning Access to Court Facilities (March 13, 2020).

      d.   On April 13, 2020, the Court entered a General Order suspending jury selection and jury trials scheduled to begin before June 1, 2020. C.D. Cal. General Order No. 20-05, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (April 13, 2020).  These orders were imposed based on both (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. <u>See</u> General Order 20-05, at 1.

      e.   On March 29, 2020, the Chief Judge entered an order finding that for 90 days from March 29, 2020, in-person pleas and sentencings "cannot be conducted in person without seriously jeopardizing public health and safety." C.D. Cal. Order of the Chief Judge No. 20-043, In Re: Coronavirus Public Emergency, Use of Video and Telephonic Conference Technology in Certain Criminal Proceedings.

      f.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

3

        g.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

        h.    The government does not object to the continuance.

        i.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

    6.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of May 26, 2020 to September 15, 2020 inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    7.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

4

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

    IT IS SO STIPULATED.

Dated: April 24, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

*/s/ Veronica Dragalin*

VERONICA DRAGALIN
MACK E. JENKINS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: April 24, 2020

*/s/ David Vaughn*

DAVID VAUGHN
Attorney for Defendant
JUSTIN JANGWOO KIM

I am DEFENDANT's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client.  I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than the proposed date is an informed and voluntary one.

_/s/ David Vaughn_   _April 24, 2020_
DAVID VAUGHN                               Date
Attorney for Defendant
JUSTIN JANGWOO KIM